### WILSON v. MEYER.

(Supreme Court, Appellate Division, Second Department. December 30, 1912.)

CORPORATIONS (§ 80*)—SALE OF STOCK—MISREPRESENTATIONS—ACTION TO RESCIND CONTRACT.

    A complaint alleging that plaintiff purchased stock of a corporation from defendant, who was a majority stockholder and president, that defendant represented his desire to raise additional capital, that the money obtained from the sale of the stock was to be used in the development of the business, and that such representations were false, is insufficient to authorize a rescission of the contract; the deceit of defendant relating to his promise of future action and misrepresentations of the desire of the corporation being insufficient to sustain an action.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 244, 246–264, 1407, 1407½; Dec. Dig. § 80.*]

Appeal from Special Term, Orange County.

Action by Frederick W. Wilson against George S. Meyer. From an order denying his motion for judgment on the pleadings, defendant appeals. Reversed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

James G. Meyer, of Matteawan (Louis W. Stotesbury, of New York City, on the brief), for appellant.

Edward J. Collins, of Newburgh, for respondent.

THOMAS, J.    The defendant's motion for judgment on the pleadings was denied.    The complaint is that on March 15, 1910, the plaintiff purchased 10 shares of the stock of a corporation of which defendant was a majority stockholder, president, and treasurer, and an executive officer, under a prospectus or statement issued by defendant and made a part of the complaint.    The complaint then charges that prior to September 23, 1910, the defendant made and caused to be made to plaintiff and other stockholders of the corporation many flattering statements concerning (1) the preliminary organization of the corporation; (2) the extent of the advertising of its business and the fruits thereof; (3) the practical demonstration of the use of its product, and the great demand there was and would be for it, and the marketable value thereof; (4) the extent of the unfilled orders therefor on hand; (5) the desirability for additional money in the treasury for properly carrying on its business.    Thus far the complaint does not state a fact upon the falsity of which this action to rescind the contract for fraud can rest.    Then follow allegations of representation by defendant concerning his desire, in promotion of the business of the corporation, to raise additional capital therefor, and his intention for that end to make available certain shares of the capital stock then owned by him, on the condition that the stockholders "were or would become mutually interested with the defendant in his said purpose of raising additional capital for the corporation, by purchasing the said shares of stock," and that the proposed transfer of stock by defendant and payment therefor by the plaintiff and other stockholders "was to be upon the distinct understanding and agreement that the stock to be so transferred was to be treasury stock and the moneys to be paid therefor were to become an asset of the corporation, to be used" by it in the development and furtherance of its business, and that defendant truthfully represented to plaintiff, to induce him to purchase shares owned by defendant and to become treasury stock, that some other stockholders had taken shares on the conditions named and others had agreed to do so.    Then the allegation is that, relying upon such statements and representations, the plaintiff paid defendant at various times, beginning September 23, 1910, sums of money for which plaintiff received another 10 shares of stock.    Thus far not an issuable fact alleged to be untrue existed before or at the time of the purchase, for every statement was of intention or of a future act to be done by defendant.    Then follow usual allegations of falsity of defendant's statements to his knowledge.

I do not find anything beyond promises, and upon promises an action for fraud cannot be based.    Ranney v. People, 22 N. Y. 413; People v. Blanchard, 90 N. Y. 314; Lexow v. Julian, 21 Hun, 577; Gallager v. Brunel, 6 Cow. 346.    The plaintiff's attorney, in summary of the elements of the alleged fraud, states that defendant misrepresented the value of the stock; but where or how he does not point

out.   He adds that defendant misrepresented the desire of the corporation.  As the defendant controlled the corporation, his desire was its desire; but a desire is not such a fact as sustains an action for deceit.   Defendant deceived the plaintiff as to the disposition of the purchase money, it is added.   He deceived by his promise of future action, not by misrepresentation of something present or past.   The plaintiff does not refer to any authority for a complaint for rescission of a contract for fraud and deceit as to things undone but wholly to be done.

The order should be reversed, with $10 costs and disbursements, and the motion for judgment on the pleadings be granted, with costs, with leave to the plaintiff to serve an amended complaint within 20 days upon payment of aforesaid costs.   All concur.